UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. __1:24-mj-02073-Reid__

FILED BY **TS** D.C.

**Jan 12, 2024**

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - Miami

UNITED STATES OF AMERICA

v.

MICHAEL QUESENBERRY and
SAVANNAH ROSE MINAMI,

      Defendants.
_____/

### CRIMINAL COVER SHEET

1. Did this matter originate from a matter pending in the Northern Region of the United States Attorney's Office prior to August 8, 2014 (Mag. Judge Shaniek M. Maynard)?  No.

2. Did this matter originate from a matter pending in the Central Region of the United States Attorney's Office prior to October 3, 2019 (Mag. Judge Jared M. Strauss)?   No.

3. Did this matter involve the participation of or consultation with now Magistrate Judge Eduardo I. Sanchez during his tenure at the U.S. Attorney's Office, which concluded on January 22, 2023?  No.

                                                      Respectfully submitted,

                                                      MARKENZY LAPOINTE
                                                      UNITED STATES ATTORNEY

                          By:    */s/ Sterling M. Paulson*_____
                                Sterling M. Paulson
                                Assistant United States Attorney
                                Court ID No. A5503032
                                United States Attorney's Office
                                99 NE 4th Street, 6th Floor
                                Miami, FL 33132
                                Tel.: 305-961-9302
                                Email: sterling.paulson@usdoj.gov

AO 91 (Rev. 08/09) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

| United States of America | ) | |
|---|---|---|
| v. | ) | |
|  | ) | Case No. 1:24-mj-02073-Reid |
| MICHAEL QUESENBERRY and SAVANNAH ROSE MINAMI, | ) ) ) | |
| *Defendant(s)* | | |

## CRIMINAL COMPLAINT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of __January 11, 2024,__ in the county of __Miami-Dade__ in the __Southern__ District of __Florida__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. § 846 | Conspiracy to Possess with Intent to Distribute a Controlled Substance |
| 21 U.S.C. § 841(a) | Possession with Intent to Distribute a Controlled Substance |

This criminal complaint is based on these facts:

See attached affidavit.

☑ Continued on the attached sheet.

_____
*Complainant's signature*

Joseph Angarone, Special Agent, HSI
*Printed name and title*

Attested to by the Applicant in accordance with the requirements of Fed.R.Crim.P. 4.1 by __Face Time__

Date: January 12, 2024

_____
*Judge's signature*

City and state: __Miami, Florida__      Hon. Lisette M. Reid, United States Magistrate Judge
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

Your Affiant, Joseph Angarone, being duly sworn, deposes and states as follows:

### INTRODUCTION AND AGENT BACKGROUND

1. I am a Special Agent with the Department of Homeland Security – Homeland Security Investigations and have been so employed since March 2023. I graduated from the Criminal Investigator Training Program (CITP) and Homeland Security Investigations Special Agent Training (HSISAT), at the Federal Law Enforcement Training Center, in Glynco, Georgia, in 2023. Prior to my tenure as a Special Agent, I worked as a police officer for eight years. I earned a master's degree in criminal justice from DePaul University.

2. In my current position as a Special Agent with HSI, I am an investigative or law enforcement officer of the United States within the meaning of Section 2510(7) of Title 18 of the United States Code; that is, an officer of the United States who is empowered by law to conduct investigations and make arrests for offenses enumerated in Titles 8, 18, 19 and 21 of the United States Code. In my current capacity, I am responsible for conducting criminal investigations involving narcotics, money laundering, fraud, smuggling, and related offenses contained in Title 8, 18, 19, and 21 of the United States Code. I have participated in numerous investigations involving these violations and I am familiar with methods and practices of persons accused of such crimes.

3. This affidavit is submitted in support of a criminal complaint charging defendants **MICHAEL QUESENBERRY ("QUESENBERRY")** and **SAVANNAH ROSE MINAMI ("MINAMI")**, with violations of Title 21, United States Code, Sections 846 (Conspiracy to Possess with Intent to Distribute a Controlled Substance), and 841(a) (Possession with Intent to Distribute a Controlled Substance).

4. This Affidavit is based upon my personal knowledge, my review of documents and other evidence, and my conversations with law enforcement personnel and civilian witnesses. As I submit this Affidavit for the limited purpose of establishing probable cause, I have not included each and every fact presently known to law enforcement regarding this crime. Rather, I have included only the facts that are sufficient to establish probable cause. Where the contents of documents and the actions, statements, and conversations of others are reported herein, they are reported in substance and in part, except where otherwise indicated.

## PROBABLE CAUSE

5. On or about January 11, 2024, at Miami Sea Port, within the Southern District of Florida, law enforcement encountered **QUESENBERRY** and **MINAMI** aboard a cruise ship, Norwegian Vessel Joy 1, slated to travel from Miami, Florida, to Southampton, England.

6. Upon encountering both defendants in a passenger room, **MINAMI** claimed that she had just met **QUESENBERRY** at the bar on the ship, and that she did not previously know **QUESENBERRY**. Law enforcement told **MINAMI** that she was free to leave, and she left the room.

7. Law enforcement noted that **QUESENBERRY** was traveling with two suitcases, a carryon bag, and a backpack. **QUESENBERRY** claimed each piece of luggage and the contents thereof as his own belongings. Law enforcement also conducted a drug canine sniff of the luggage. The drug canine issued a positive signal for the presence of contraband.

8. In a subsequent inspection of the luggage, law enforcement discovered 56 separate vacuum-sealed bags containing a green, leafy substance. Law enforcement conducted a field test that returned a positive result for marijuana, a Schedule I controlled substance.

9. **QUESENBERRY** claimed that this marijuana was for personal use and that he had a medical marijuana card back in California.

10. After discovering this bulk marijuana in **QUESENBERRY**'s luggage, law enforcement located **MINAMI** at a bar on the cruise ship and escorted her back to her own room on the cruise ship.

11. In **MINAMI**'s quarters, law enforcement identified two suitcases, a carryon bag, and a backpack. **MINAMI** claimed each piece of luggage and the contents thereof as her own.

12. Law enforcement conducted a border search of this luggage. Inside of **MINAMI**'s luggage, law enforcement discovered 56 separate vacuum-sealed bags containing a green, leafy substance. Law enforcement conducted a field test that returned a positive result for marijuana, a Schedule I controlled substance.

13. Based on initial testing and analysis, the combined weight of marijuana across the packages seized from QUESENBERRY and MINAMI is approximately 71.9 kilograms.

14. Based on my training and experience, the packaging and quantity of marijuana in the luggage belonging to each of **QUESENBERRY** and **MINAMI** is consistent with drug trafficking and distribution. Further, based on my training and experience, drug traffickers are increasingly turning to exportation of marijuana from the United States to England, due to the higher price of marijuana in England.

## CONCLUSION

15. Based on my training and experience, and as supported by the facts in this affidavit, I submit that there is probable cause to charge each of **MICHAEL QUESENBERRY** (**"QUESENBERRY"**) and **SAVANNAH ROSE MINAMI** (**"MINAMI"**), with violations of Title 21, United States Code, Sections 846 (Conspiracy to Possess with Intent to Distribute a Controlled Substance), and 841(a) (Possession with Intent to Distribute a Controlled Substance).

**FURTHER AFFIANT SAYETH NAUGHT.**

_____
JOSEPH ANGARONE
SPECIAL AGENT
HOMELAND SECURITY INVESTIGATIONS

Attested to by the applicant in accordance with the requirements of Fed.R.Crim.P. 4.1 by Face Time this 12th day of January, 2024.

_____
HONORABLE LISETTE M. REID
UNITED STATES MAGISTRATE JUDGE

4